J. H. NOWINSKY TRUCKING COM-
PANY, Inc., a Wisconsin corpo-
ration, Plaintiff,

v.

UNITED STATES of America,
Defendant,
and
Interstate Commerce Commission,
Intervening Defendant.

Civ. A. No. 3404.

United States District Court
W. D. Wisconsin.

July 20, 1961.

Claude J. Jasper, Madison, Wis., for plaintiff.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., George E. Rapp, U. S. Atty., Madison, Wis., for defendant.

Robert W. Ginnane, Gen. Counsel, Francis A. Silver, Associate Gen. Counsel, I. C. C., Washington, D. C., for intervening defendant.

Before DUFFY, Circuit Judge, and STONE and GRUBB, District Judges.

GRUBB, District Judge.

This is an action to permanently enjoin enforcement of a cease and desist order issued by the Interstate Commerce Commission in Docket No. MC–C–2466 entitled J. H. Nowinsky Trucking Company—Investigation and Revocation of Permits, reported in 83 M.C.C. 171. A temporary restraining order was heretofore issued in this case by Judge Patrick T. Stone on December 30, 1960, which order has remained in effect to this day.

The Commission was granted leave to intervene as a party defendant on March 3, 1961.

The J. H. Nowinsky Trucking Company, hereinafter referred to as "Nowinsky," is a Wisconsin corporation located at Hatley, Marathon County, Wisconsin. Nowinsky holds irregular-route contract-carrier authority, issued June 5, 1955, in No. MC–59235 (Sub No. 10), to transport "farm machinery" and "farm supplies" from Chicago, Illinois, and points in Illinois within the Chicago commercial zone to Madison, Wisconsin, and points in Wisconsin within 200 miles of Madison, located on, north, and east of U. S. Highway 12.

Nowinsky has transported and continues to transport, among other things, roofing, siding, and insulating materials over the authorized routes since the spring of 1958.

In October, 1958, the Commission, by Division One, on its own motion, instituted an investigation of Nowinsky's operations under Sections 204(c) and 212(a) of the Interstate Commerce Act, Sections 304(c) entitled *Investigation of complaints; orders,* and 312(a) entitled *Suspension, change, revocation and transfer of certificates, permits, and licenses,* of Title 49, U.S.C.A. Accordingly a hearing was held on June 3, 1959, before Joint Board 17 of the Commission. At this hearing, seven of Nowinsky's consignees—six of whom were wholesale or retail building material or lumber dealers and one of whom was a contractor, located in predominantly rural areas—testified that their sales were to other dealers, builders, or the general public. They estimated variously that from 10 to 90 per cent of all materials delivered to rural areas are ultimately used on farms. Only in limited instances did the consignees know when a sale was made whether the material sold would be used on a farm. The Joint Board found that the transport of roofing, siding, and insulation materials under these circumstances was beyond the scope of Nowinsky's authority and recommended that an

appropriate cease and desist order be entered.

On exceptions to the Joint Board's report, Nowinsky contended that the building materials it transported should properly be considered as farm supplies, that the Joint Board incorrectly interpreted the word "supplies," and that the recommended order was not clear. The Commission, by Division One, concluded that Nowinsky was engaged in the transportation of building, roofing, and insulating materials not authorized by its permit, as found by the Joint Board. Accordingly, the order challenged here was entered.

On November 7, 1959, while the investigation proceeding was under consideration by the Joint Board, Nowinsky filed an application with the Commission in Docket No. MC—59235 (Sub No. 12) for authority to operate as a contract carrier in the transportation of building, roofing, and insulation materials.

In its petition for reconsideration of the order entered in the investigation proceeding in Docket No. MC–C–2466, Nowinsky requested that the application for authority proceeding in Docket No. MC–59235 (Sub No. 12) be set for further hearing as soon as practicable, and that this application be consolidated with the proceeding in the investigation case. The entire Commission denied the petition for reconsideration and consolidation. Defendants allege in their answer that Nowinsky has voluntarily withdrawn the application in Docket No. MC–59235 (Sub No. 12) since the filing of the complaint before this court, and that said application is not now pending before the Commission.

Nowinsky now contends that the Commission's construction of the scope of Nowinsky's authority is erroneous and constitutes a change or revocation of said authority by interpretation. It is further claimed that in arriving at its determination, the Commission retroactively applied a policy adopted without resort to the rule-making requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., thereby diminishing authority held under an original grandfather grant.

■ The court finds that the Commission's determination in this case is not clearly erroneous. The descriptive term "farm supplies" is not patently ambiguous. Nowinsky has not shown that its usage in the industry is contrary to the interpretation placed thereon by the Commission. Commodities such as stanchions or fertilizer, used solely or predominantly on farms, need no further identification to fall within the description of "farm supplies." Other commodities which may have a farm as well as nonfarm use, such as building materials, need further identification before they may be classified as "farm supplies." Consignment of building materials to predominantly rural areas is not sufficiently specific to qualify these commodities as destined for farms. Within predominantly rural areas are found urban and commercial enterprises which also may require these materials. This is illustrated by the testimony of the dealer-consignees before the Joint Board who estimated that in one instance only 10 per cent of the materials were ultimately used on farms. Under these circumstances, reference to intended use by establishing the identity of the consignee as a farmer or dealer primarily engaged in supplying the farm trade identifies commodities which have a general use as falling within the category described as "farm supplies."

Authority to transport farm supplies is not coextensive with the right to transport general commodities. The intended use test as applied by the Commission in this case serves to implement the limitation of the word "farm" as modifying the term "supplies."

■ Definitive declarations of rights existing under a permit in appropriate proceedings upon notice and hearing and an evidentiary record, as in the proceedings before this court, do not constitute unlawful revocation or modification of authority by interpretation unless the Commission's interpretation is found to

be clearly erroneous. Andrew G. Nelson, Inc. v. United States, 1958, 355 U.S. 554, 558, note 4, 78 S.Ct. 496, 2 L.Ed.2d 484; Sims Motor Transport Lines, Inc. v. United States, D.C.N.D.Ill.1959, 183 F. Supp. 113, affirmed 362 U.S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019.

■ Nowinsky's plaint that the Commission's order deprives it of rights purchased for great value does not serve as an answer to alleged permit violations in an investigation proceeding. Nowinsky seeks to invoke the grandfather authority as conferring the right to engage in the operations found unlawful by the Commission. There is no evidence of record as to the grandfather authority or as to any rights allegedly arising thereunder. This contention was not raised on petition for reconsideration by the Commission. The scope of judicial review is limited to issues raised on petition for reconsideration and presented by the administrative record. Gateway Transportation Co. v. United States, D.C.W.D. Wis.1959, 173 F.Supp. 822; United States v. L. A. Tucker Truck Lines, Inc., 1952, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54. Moreover, the Commission is free to interpret a permit in accordance with the common, ordinary meaning of the words used, and retroactively apply its interpretation to a permit previously issued. The court stated in Andrew G. Nelson, Inc. v. United States, supra, 355 U.S. at page 561, 78 S.Ct. at page 500:

"* * * If the controverted words fairly lend themselves now to the construction made here, they always have done so. Consequently, any retroactive application of the intended use test could work no prejudice to appellant; once it is determined that the ordinary meaning of the description is neither more nor less than the Commission's interpretation, the manner in which the Commission arrived at its conclusion is not controlling."

■ Construction of rights existing under grandfather authority must be sought by reopening the proceedings wherein this authority was granted. There can be no collateral attack on a permit in proceedings to restrain alleged violations thereof. Andrew G. Nelson, Inc. v. United States, supra; Sims Motor Transport Lines, Inc. v. United States, supra.

■ The Commission's reliance on the decision in Cleo Crouch—Modification of Certificate, 53 M.C.C. 436 (1951), in arriving at its conclusions in the instant case does not constitute retroactive application of its rule-making power. In the Crouch case the Commission had occasion to render its interpretation of the term "farm supplies" as descriptive of commodities having a farm as well as nonfarm use similar to the building materials in question here. The guiding criteria in determining whether the transport of such commodities was within a carrier's authority, set forth in the Crouch case before Nowinsky purchased its permit, were applied in this case by the Commission. The Commission is not prohibited from referring to and incorporating an applicable prior ruling and its underlying considerations in later cases. See Virginia Stage Lines, Inc. v. United States, D.C.W.D.Va.1942, 48 F. Supp. 79, 83.

The Commission's conclusions and the cease and desist order do not limit Nowinsky's authority as contended by it to designated consignees in the transportation of items readily recognizable as definitely intended for farm use such as milking machines, stanchions, and fertilizer. The order does require that Nowinsky determine the intended use of such commodities as building materials transported by it by ascertaining whether or not the consignee is either a farmer or a dealer primarily engaged in supplying the farming industry. We find that the conclusions of the Commission and the challenged order are not clearly erroneous, uncertain, or subject to collateral attack in this case. Under Nowinsky's contention, it can haul furniture, clothing, Haviland china, and many other items. There are very few items in com-

752

mon use that cannot and are not on occasion used on farms.

Construction of the scope of authority under the terms of a permit issued by the Commission is for the Commission. It is well settled that the Commission's construction is controlling on the courts unless arbitrary or clearly erroneous. Andrew G. Nelson, Inc. v. United States, supra, 355 U.S. at page 558, 78 S.Ct. at page 498; Bird Trucking Co. v. United States, D.C.W.D.Wis.1955, 159 F.Supp. 717, 720.

For the foregoing reasons, the restraining order heretofore entered in this case is hereby dissolved, and the complaint must be and is hereby dismissed.