**CONVOY COMPANY, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Interstate Commerce Commission, Defendants.**

**Insured Transporters, Inc., a corporation, Intervenor.**

**Civ. No. 61–201.**

United States District Court
D. Oregon.
Oct. 27, 1961.

**12**

Moe M. Tonkon, Portland, Or., Marvin Handler, Handler & Baker, San Francisco, Cal., for plaintiff.

Herbert W. Winfree, Shuler, Sayre, Winfree & Rankin, Portland, Or., John G. Lyons, Vaughan, Paul & Lyons, San Francisco, Cal., Sidney I. Lezak, Acting U. S. Atty., Portland, Or., Lee Loevinger, Asst. Atty. Gen., Robert W. Ginnane, Gen. Counsel, John H. D. Wigger, Atty., Dept. of Justice, Arthur J. Cerra, Asst. Gen. Counsel, Washington, D. C., for defendants.

Before BONE, Circuit Judge, and SOLOMON and KILKENNY, District Judges.

KILKENNY, District Judge.

This is a suit[1] by plaintiff against defendants to annul, enjoin and set aside an order of the Interstate Commerce Commission granting to Insured Transportation, Inc., a certificate of necessity for the transportation, in interstate foreign commerce, as a common carrier by motor vehicle, over irregular routes, of automobiles, busses and trucks, in secondary movements, by the truckaway method from restricted points in Washington to restricted points in Oregon, from restricted points in Oregon to certain points in Montana, Washington and Idaho. For convenience, plaintiff is referred to as Convoy, defendants as Commissioner, and Intervenor as Insured.

An application was filed by Insured for a certificate of public convenience and necessity[2] for the transportation of motor vehicles by the truckaway method to and from points above mentioned and others. A hearing was held before the examiner for the Commission and the application denied. Exceptions to the examiner's report were filed by Insured. The Commission, on reviewing the evidence, the examiner's recommendation and the exceptions and replies thereto, refused to follow the recommendation of the examiner and ordered the issuance of a certificate of convenience and necessity as above mentioned. Convoy filed a petition for rehearing which was denied by the Commission.

The principal issues before us are: (1) Is the record sufficient to support the Commission's findings and conclusions? (2) Should the authority of Insured be restricted against tacking or interlining? (3) Should the Commission's order have distinguished its grant of authority to Insured from two other cases which denied authority because the Commission found the services of Convoy were adequate? (4) Should the certificate be limited to imported automobiles? (5) Should the Commission have granted a rehearing? (6) Should the evidence admitted provisionally at the time of hearing in this court be received and considered in this review proceeding?

(1) The statute[3] gives the Commission a broad grant of jurisdiction to pass on the application presented by Insured. I. C. C. v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051, reh. den. 326 U.S. 803, 66 S.Ct. 8, 90 L.Ed. 489. Our office in this proceeding is to determine if the Commission's findings and order are within its jurisdiction as defined by the statute and if the findings are supported by substantial evidence as shown by the entire record. To consider the weight of the evidence or the soundness of the reasons by which the conclusions were reached is beyond the province in this court. Interstate Commerce Commission v. Union Pacific Railway Co., 222 U.S. 541, 547, 32 S.Ct. 108, 56 L.Ed. 308; Virginian Railway Co. v. United States, 272 U.S. 658, 47 S.Ct. 222, 71 L.

---

1. 49 U.S.C.A. § 17(9).

2. 49 U.S.C.A. § 308.

3. 49 U.S.C.A. § 307.

Ed. 463; Interstate Commerce Commission v. Martin Brothers Box Co., 9 Cir., 1955, 219 F.2d 811. The Administrative Procedure Act (5 U.S.C.A. § 1001 et seq.) clearly limits our scope of review. Section 10(e) of the Act (5 U.S.C.A. § 1009 (e)) provides, among other things:

"* * * the reviewing court shall * * * (B) hold unlawful and set aside agency action, findings, and conclusions found to be * * * (5) unsupported by substantial evidence * * *. In making the foregoing determinations the court shall review the whole record * * *."

The function of the reviewing court is exhausted when there is found to be a rational basis for the conclusion approved by the administrative body. Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286, 54 S.Ct. 692, 78 L.Ed. 1260; Universal Camera Corporation v. N. L. R. B., 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456."

The fact that there is no finding of inadequacy of existing service, or that the existing service would not be injuriously affected, does not invalidate the order of the Commission. Lang Transporation Corporation v. United States, D.C., 75 F.Supp. 915; Southern Kansas Greyhound Lines, Inc. v. United States, D.C., 134 F.Supp. 502, 506–507, aff'd 351 U.S. 921, 76 S.Ct. 779, 100 L.Ed. 1453. Each of these decisions was by a statutory three-judge court.

With one exception, we find there is substantial evidence in the record supporting the Commission's findings and order. We shall comment on that exception when disposing of Point (4). Such findings are not arbitrary or capricious.

(2) Convoy alleges that the Commission erred in failing to restrict the authority against tacking and interlining.

The Commission disposed of these contentions in the following findings:

(They) "oppose any grant of authority which would enable applicant to interline traffic with other carriers, or to combine its existing authority with that sought, which would result in competitive movements into territory served by them. They request the imposition of a restriction against such operations in any authority granted herein. However, the possibility of such combinations appears to have been predicated principally upon proposed operations from Oregon to points in Utah or Nevada not presently sought by applicant on exceptions. In these circumstances, there is presently no indication that the combination of authorities or the interlining of traffic by applicant would have any material affect on the operations of protestants.

* * * * * *

"As noted, the circumstances considered herein do not warrant any restriction against interline movements or tacking, and no such restriction in the authority granted herein will be imposed. * * *"

There is sufficient in the record to support these findings of the Commission. The fact that there was no direct evidence introduced to show the need for the interlining service with other carriers or the combining of existing with newly acquired authorities does not, in view of the above findings, require the Commission to affix tacking or interlining restrictions in its order. To the above findings should be assigned the respect due to judgments of a tribunal appointed by law and informed by experience. Illinois Central Railway Co. v. Interstate Commerce Commission, 206 U.S. 441, 27 S.Ct. 700, 51 L.Ed. 1128.

(3) Convoy urges that the findings of the Commission are contrary to recent decisions of the Commission involving essentially the same evidence and parties. As a general rule, the courts are not concerned with the consistency or inconsistency of rulings of the Commission. Each case must be decided in the light of its own facts. Virginian Railway Co. v. United States, supra, 272 U.S. pp. 663–666, 47 S.Ct. pp. 224–225. Convoy infers that the principles of *res*

*judicata* should be applicable. There is no merit to this contention. State Corporation Commission of Kansas v. Wichita Gas Co., 290 U.S. 561, 569, 54 S.Ct. 321, 78 L.Ed. 500.

█ The rule that the Commission may consider and give weight to its findings in one proceeding where it is related in its factual background to the case under consideration, United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821, does not *require* the Commission to apply such rule in cases where the Commission, in the exercise of its expertise, does not find room for application of the rule.

Aside from the law being against Convoy's contention, the record clearly shows that the controlling facts in this cause are essentially different from those involved in the applications where the certificates were denied. We need only point to the following: (1) The area to be served under the different applications. (2) The parties supporting each application were different. (3) The authority sought in each case was dissimilar. This contention cannot be sustained.

█ (4) Should the Commission have restricted the certificate of authorization to imported automobiles? We find there is substantial evidence in the record to support the finding of the Commission that public convenience and necessity required transportation of imported vehicles over the routes granted. The record clearly demonstrates the failure of Convoy, in the past, to serve the authorized areas. True enough, Convoy attempted to explain such deficiencies and placed testimony in the record as to improvements in service, but the evidence was not sufficient to convince the Commission. The fact that the examiner recommended a denial of the certificate did not require the Commission to arrive at the same conclusion. C. E. Hall & Sons v. United States, D.C., 88 F.Supp. 596. Without question, there is substantial evidence to support the Commission's findings that a limited certificate of convenience and necessity should issue.

The certificate is broad enough to include the transportation by Insured of new domestic automobiles. The record is entirely devoid of evidence on the necessity of transportation of such automobiles to and from points covered by the authorization. All of the evidence dealt with foreign motor vehicles with the exception of repossessed, reclaimed, wrecked or damaged automobiles, which vehicles the Commission excluded from the certificate. Since there is no evidence to support the inclusion of new domestic vehicles in the certificate, the failure to restrict the order by eliminating such vehicles constitutes error. The Commission argues that the generic description, "automobiles, busses and trucks" fits the traffic to be handled. It is here that the Commission fails. The only traffic to be handled, as shown by the evidence, consists of imported motor vehicles.

The truckaway method of transportation of new domestic automobiles, over the irregular routes covered by the certificate, may have been entirely adequate and satisfactory. There is no evidence on the subject.

█ (5) Convoy, in its petition for rehearing, claims a radical change in facts and circumstances since the original hearing, i. e., (a) the principal shipper in the area of imported vehicles has gone out of business; (b) a substantial reduction in the volume of imported automobile traffic, and (c) a substantial portion of domestic vehicles are now moving by rail. In substance, Convoy contends that the transportation problems at the time of the hearing no longer exist. A petition for rehearing is addressed to the sound discretion of the Commission and its decision will not be disturbed unless there is a clear showing of abuse. United States v. Pierce Auto Freight Lines, Inc., supra, 327 U.S. pp. 534–535, 66 S.Ct. p. 697. The order denying the petition for rehearing declared that no sufficient cause appeared for reopening the proceeding for reconsideration, rehearing or a further hearing. The language is substantially the same as the

language used in an order before a statutory three-judge court in Yourga v. United States, W.D.Pa.1961, 191 F.Supp. 373, in which the action of the Commission in denying a rehearing was sustained. The language in the order denying the petition, in this case, clearly indicates that the Commission gave consideration to the facts as therein alleged and that it used the appropriate standard in evaluating the nature of the alleged "after-discovered" evidence. In passing on the petition, the Commission had a right to consider whether the facts were discovered since the original hearing or whether they could have been discovered by reasonable diligence at or before the time of such hearing, whether such facts are material and not merely cumulative or impeaching and whether the matters mentioned in the petition would probably produce a different result. Dolcin Corporation v. Federal Trade Commission, 1954, 94 U.S.App.D.C. 247, 219 F.2d 742; Price v. Greenway, 3 Cir., 1948, 167 F.2d 196. Certainly, it is not our function to substitute our own judgment for that of the Commission and say that a different result should have been reached by the Commission. The Commission, having the benefit of informed experience within its particular field, should know of any drastic economic change in the field of its experience. Atchison, T. & S. F. Ry. Co. v. United States, 284 U.S. 248, 52 S.Ct. 146, 76 L.Ed. 273, is not remotely in point. That case presented a problem growing out of the devastating economic depression of the 30's. In that case, the Supreme Court took judicial notice of the catastrophe occurring between the taking of the evidence and the time of the Commission's decision. In this case we can take judicial notice of the fact that no change such as recognized in Atchison has here occurred. Furthermore, the effect of the decision in Atchison was immediately limited to its unique facts. United States v. Northern Pacific Railway Company, 288 U.S. 490, 492–494, 53 S.Ct. 406, 77 L.Ed. 914; Baltimore & Ohio R. Co. v. United States, 298 U.S. 349, 389, 56 S.Ct. 797, 80 L.Ed.

1209. In Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 517–518, 64 S.Ct. 1129, 1135, 88 L.Ed. 1420, the court said:

"Only once in the history of administrative law has this Court reversed a Commission for refusing to grant a rehearing on the contention that the record was 'stale.' In Atchison, T. & S. F. Ry. Co. v. United States, 284 U.S. 248 [52 S.Ct. 146, 76 L.Ed. 273], this Court held that because of changed conditions the Interstate Commerce Commission abused its discretion in denying a rehearing.

\* \* \* \* \* \*

"The Court, however, promptly restricted that decision to its special facts, United States v. Northern Pacific R[ailway Co]., 288 U.S. 490, 53 S.Ct. 406, 77 L.Ed. 914, and it stands virtually alone. \* \* \* "

The Commission did not abuse its discretion in denying the petition for rehearing.

(6) At the time of the hearing before us, we provisionally received certain evidence with reference to change in conditions between the time of the hearing before the Commission and the arguments on review. Generally, a court review of administrative action is limited to the record made before the Commission. American Trucking Associations, Inc. v. United States, 344 U.S. 298, 320–323, 73 S.Ct. 307, 97 L.Ed. 337; Mississippi Valley Barge Line v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260. The only exception to this rule is where it is claimed that the order under attack will unconstitutionally confiscate property. In such case evidence may be introduced at the time of the hearing on review. American Trucking Associations, Inc. v. United States, supra. Unconstitutional confiscation is not here in question.

In our opinion, the findings and conclusions of the Commission conform to the evidence, whether we confine our examination to that which was received by

the Commission or extend it to include the additional evidence provisionally received by us.

The order of the Commission is modified so as to eliminate therefrom the right of Insured to transport new domestic automobiles, busses and trucks to and from the indicated points; otherwise, the order is affirmed.

Affirmed as modified.