**CLAY HYDER TRUCKING LINES, INC.,**
**Plaintiff,**

v.

**UNITED STATES of America and the Interstate Commerce Commission,**
**Defendants,**
and
**Ervin J. Kramer, d/b/a Maryland Tank Transportation Company, Intervening Defendant.**

**Civ. No. 2266.**

United States District Court
W. D. North Carolina.

Oct. 22, 1964.

674

Thomas F. Kilroy, Daniel B. Johnson, William G. Spruill, Washington, D. C., and Monroe M. Redden, Jr., Hendersonville, N. C., for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., and John H. D. Wigger, Department of Justice, Washington, D. C., and William Medford, U. S. Atty., Asheville, N. C., for defendant United States of America.

Robert W. Ginnane, General Counsel, and Robert S. Burk, Attorney, Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

Wilmer B. Hill, Washington, D. C., and Clarence W. Walker, Charlotte, N. C., for intervening defendant.

Before BELL, Circuit Judge, and WARLICK and CRAVEN, District Judges.

PER CURIAM.

Clay Hyder Trucking Lines, Inc. (called Hyder hereinafter), brings this action seeking to have set aside and vacated an order of the Interstate Commerce Commission. As required by Sections 2325 and 2284, Title 28 U.S.C.A., the cause was heard and determined by a district court of three judges.

By its order of April 8, 1964, as affirmed by a final order of August 10, 1964, the Interstate Commerce Commission granted the application of Ervin J. Kramer, d/b/a Maryland Tank Transportation Company (called Kramer hereinafter), for a certificate of public con-

venience and necessity. This certificate authorized Kramer, as a motor vehicle ·common carrier, to transport, in bulk, citrus juices, not canned nor frozen, from two points in Florida to seven states.[1] Kramer's application for the certificate ·was protested by Hyder who was already engaged in transporting similar products from Florida to the states sought to be served by Kramer.

■ In the proceedings before the Interstate Commerce Commission, a hearing examiner initially recommended that Kramer's application be granted. Upon a petition by Hyder for review of this recommendation, the Operating Rights ·Review Board concluded contrary to the examiner and ordered the application denied. Thereafter, Kramer filed a petition for reconsideration of this report and ·order which was granted by Division One of the Commission. It reversed the decision of the Board and entered an order granting the authority as initially recommended by the hearing examiner. Contrary to the assertion by Hyder, it is ·of no legal significance that the Commission reversed its employee board. As stated in Sinett v. United States, 136 F. Supp. 37 (D.C.N.J.1955), "(T)he Commission is * * * not only at liberty but is required to reach its own conclusions upon the evidence."

The ultimate question for decision before the Commission was "(W)hether Hyder is able to furnish the equipment necessary to meet shippers' future needs, there being little present need for additional service." 94 M.C.C. 691. Hyder ·contends that there is no reasonable, foreseeable need for any additional service, that its service has not been shown to be inadequate, that it is ready, willing, and able to acquire any equipment needed, and that the application of Kramer should have been denied.

The Commission found that the shipments of chilled citrus juices from Florida, in bulk, is relatively new but is rapidly increasing while shipments in packages are correspondingly decreasing; that although Hyder's service has been satisfactory, it is not in a position to furnish all the equipment which will be needed by the shippers. Hyder's testimony that it could move thirty to forty loads weekly was, according to the Commission, "(C)ontingent upon protestant's (Hyder's) ability to perform more than one round trip per unit per week which, in light of the distances involved, does not appear entirely practicable or certain." 94 M.C.C. 693. The Commission found that in order to meet the shippers' collective, estimated, maximum needs of over forty-six loads weekly Hyder would have to buy or lease additional equipment, but the possibility of its supplying such equipment when needed was too tenuous.

The absence of any finding by the Commission as to inadequacy of *existing* service does not invalidate the order of the Commission. Convoy Company v. United States, 200 F.Supp. 10, 13 (D.C. Or.1961); Sloan's Moving & Storage Co. v. United States, 208 F.Supp. 567 (E.D. Mo.1963).

■ Although the Interstate Commerce Commission does not enjoy unbounded discretion in the exercise of its regulatory powers, it nevertheless "is the expert in the field of transportation, and its judgment is entitled to great deference because of its familiarity with the conditions in the industry which it regulates." East Texas Motor Freight Lines v. Frozen Food Express, 351 U.S. 49, 76 S.Ct. 574, 100 L.Ed. 917 at 924 (1956).

■ Under Section 207(a) of the Interstate Commerce Act (49 U.S.C.A. § 307(a)), the Commission shall issue a certificate if, in part, "the proposed service * * * is or will be required by the present or future public convenience and necessity * * *." From the decisions which have dealt with this particular section of the Act, it is clear that

1. From Orlando and Frostproof, Florida, to points in Connecticut, Massachusetts, New Jersey, New York, Pennsylvania (except fresh orange juice to Glen Roy, Pennsylvania), Rhode Island, and Virginia.

the Commission is the final arbiter of the "public convenience and necessity". United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38 (1945); Interstate Commerce Commission v. Parker, 326 U.S. 60, 65 S.Ct. 1490, 89 L.Ed. 2051 (1944); United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821 (1946). Where there is warrant in the law and the facts for what the Commission has done, a reviewing court is without authority to intervene. United States v. Pierce, supra, 327 U.S. at 536, 66 S.Ct. 687.

Having reviewed the entire record we think that the Commission acted within the scope of its authority; that it acted neither capriciously nor arbitrarily in exercising this authority, and that its ultimate findings of fact are supported by substantial evidence.

The Complaint will be dismissed. Counsel for defendants may submit an appropriate judgment.