**KENOSHA AUTO TRANSPORT CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**
and
**Interstate Commerce Commission, Intervening Defendant.**

No. 61-C-274.

United States District Court
E. D. Wisconsin.

Dec. 28, 1964.

---

Neal E. Madisen and Harry G. Holz, Milwaukee, Wis., Lawrence S. Ruetz, Kenosha, Wis., of counsel, for plaintiff.

William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., James B. Brennan, U. S. Atty., Milwaukee, Wis., for defendant.

Robert W. Ginnane, Gen. Counsel, Fritz R. Kahn and Thomas H. Ploss, Attys., Interstate Commerce Commission, Washington, D. C., for intervening defendant.

Before DUFFY, Circuit Judge, and TEHAN and GRUBB, District Judges.

GRUBB, District Judge.

Kenosha Auto Transport Corporation (hereinafter called "Kenosha") brings this action seeking to set aside, annul, and vacate an order of the Interstate Commerce Commission and to enjoin enforcement thereof. As required by §§ 2325 and 2284 of Title 28 U.S.C.A., the cause was heard by a three-judge court.

The underlying administrative proceedings before an examiner were on submission of undisputed facts and briefs. By its final order, rendered on August 2, 1961, and reported as No. MC–C–2977, Kenosha Auto Transport Corporation—Investigation and Revocation of Certificate, 89 M.C.C. 550, Division 1 of the Commission affirmed and adopted the examiner's statement of facts, conclusions and findings as its own, and ordered Kenosha to cease and desist from the operations therein found unlawful. The effective date of the order has been postponed pending further or-

der of the Commission in view of the commencement of this action.

The operations found unauthorized in violation of § 206(a) of the Interstate Commerce Act, § 306(a), Title 49 U.S. C.A., and the purported grants of authority relied on by Kenosha are as follows: Kenosha receives new trucks at Whiting, Indiana, and at St. Louis, Missouri, under authority set forth in paragraph (D) of its lead certificate [1] and in Sub. No. 224 of its certificate No. MC–30837,[2] respectively, which trucks were transported in initial movements from Allentown, Pennsylvania, by Dealers Transit, Inc. The shipments are interlined by Kenosha at either Whiting or St. Louis for ultimate delivery to points in numerous western states including Utah, Nebraska, Wisconsin, Texas, Kansas, Colorado, Oklahoma, Michigan, Iowa, Minnesota, California, and New Mexico pursuant to authority of paragraph (A) of its lead certificate which reads as follows:

"New trucks, in secondary movements (other than those performed as a connecting carrier) in driveaway service, between points in Arizona, California, Colorado, * *.

"Restriction: The authority described immediately above cannot be combined with any authority of another carrier, * * * for the purpose of rendering a through service."

The combination, or tacking, of its separate grant of authority under paragraph (A) for the purpose of providing a through service purportedly is authorized by the following provision of paragraph (D) of Kenosha's lead certificate which reads as follows:

"In addition to the authorities granted above, except as otherwise restricted herein, the carrier may combine any initial authority and any secondary authority, and any two or more secondary authorities, for the purpose of performing a through service, * * *."

In the investigation proceedings, the examiner found that the operations were not authorized because of the parenthetical restriction against the performance of services as a connecting carrier and the express restriction against combination of the authority with that of any other carrier, which restrictions are stated in paragraph (A) of the lead certificate. These restrictions, he concluded, were adopted by the tacking proviso of paragraph (D) of the same certificate in view of the phrase "except as otherwise restricted herein." Rejecting Kenosha's contention that the tacking was not precluded since the restricted authority under paragraph (A) was not directly joined to that of another carrier because of the interposition of Kenosha's own authorities under paragraph (D) and Sub. No. 224, the examiner inter-

1. Paragraph (D): "* * * new trucks, * * * in initial movements, in driveaway service, from places of manufacture and assembly in Wayne County, Mich., and those in Warren Township, Macomb County, Mich., to points in Ohio, Indiana, that part of Kentucky bounded by a line * * *, and those in Kentucky and West Virginia within 5 miles of the Ohio River and return with no transportation for compensation, except as otherwise authorized.

"* * * trucks, * * * new, used, unfinished and/or wrecked, in subsequent or secondary movements, in driveaway service, between all points named or described above."

2. Sub. No. 224: "* * * new trucks, * * * restricted to initial movements in driveaway service, from places of manufacture and assembly in Wayne County (Detroit) Mich., to points in Missouri, and in that portion of Oklahoma on and east of a line beginning at the Oklahoma-Kansas State line and extending along U.S. Highway 77 to its junction with Oklahoma Highway 66 (formerly U.S. Highway 77), thence along Oklahoma Highway 66 to Edmond, Okla., thence along Oklahoma Highway 77 (formerly U.S. Highway 77) to Oklahoma City, Okla., and thence along U.S. Highway 77 to the Oklahoma-Texas State line, with no transportation for compensation on return, except as otherwise authorized.

"* * * trucks, new, used, and unfinished, restricted to secondary movements, in driveaway service, between points in Missouri and points in the above-specified Oklahoma area, * * *."

preted the word "combine" of the tacking proviso as comprehending any joinder of authority, directly or indirectly, in the performance of a through service.

Kenosha challenges this construction of its certificate, and particularly the interpretation of the word "combine," as clearly erroneous and unreasonable. It offers the following definition of the word "combine" from Webster's New International Dictionary (2d ed., unabridged, 1934), p. 533: "To unite or join; to link closely together; to bring into harmonious union."

█ The common meaning of this word, as found in Webster's, does not preclude the interpretation reached by the examiner. It does not necessarily require a direct, actual linkage in chain fashion of the units sought to be combined. An indirect linkage may also serve to unite or join and to bring into harmonious union the grants of operational authority necessary for the performance of the whole of a transportation through service.

It has been the position of the Commission that the word "join," or its synonyms which would include the word "combine," when used in connection with combination or tacking of authorities, does not require the qualifying words of "directly or indirectly" to preclude the tacking of restricted authority for the purpose of performance of a through service even though the interposition of an unrestricted authority serves to bridge the joinder of the restricted grant. Alterman Transport Lines, Inc. v. Watkins Motor Lines, Inc., 64 M.C.C. 735, 737 (1955).

█ In view of the dispute concerning the interpretation of the word "combine," reference by the Commission to its antecedent decisions in the case to attest to the soundness and consistency of its construction as precluding operation by Kenosha as a connecting carrier is not improper. Cf. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, n. 558, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); Sims Motor Transport Lines, Inc. v. United States, 183 F.Supp. 113, 117 (N.D.Ill. 1959), aff'd 362 U.S. 637, 80 S.Ct. 1076, 4 L.Ed.2d 1019.

The word "combine," absent further qualification, is susceptible of the meaning ascribed to it by the examiner and by Commission usage. In light of this meaning, the examiner's construction of Kenosha's certificate is not clearly unreasonable, and the affirmance of his conclusions by the Commission is not arbitrary.

As a basis for a further challenge to the validity of the Commission's order, Kenosha contends that the Commission erred as a matter of law in that it failed in the administrative proceedings to accord proper consideration to accepted principles governing the construction of its right to tack or combine separate grants of authority.

█ The authorities cited by Kenosha do not require that restrictions embodied in operational grants must yield to a broad right to combine separate restricted grants for the performance of a through service. The Commission has approved the tacking of *unrestricted* authorities as, for example, in Aetna Freight Lines, Inc., Interpretation of Certificate, 48 M.C.C. 610, 7 C.C.H. Federal Carriers Cases, § 31,529 (Div. 5, 1948). It has granted authority to tack where there was no showing of a need of limitation as in Eldon Miller, Inc., Extension, 78 M.C.C. 113, 13 C.C.H. Federal Carriers Cases, § 34,437 (Div. 1, 1958), and, further, has approved combination of authorities where there was no showing of need of the service as in Convoy Company v. United States, 200 F.Supp. 10 (D.Ore.1961). Where, as here, the carrier seeks to join with other authority a separate, restricted grant, the restrictions have not been waived in favor of the right to combine authorities. M. I. O'Boyle & Son, Inc. v. E. Brooke Matlack, Inc., 81 M.C.C. 201, 202, 203 (1959); and Bilyeu Refrigerated Transport Corporation Extension, 92 M.C.C. 633, 640 (1963).

· Kenosha's argument concerning the proper construction of the right to com-

bine grants of authority was presented to the Commission. Kenosha has not shown that consideration of this argument would have required a different conclusion than that reached by the examiner. The Commission did not err as a matter of law in its adoption and affirmance of the examiner's conclusions under these circumstances. See North American Van Lines, Inc. v. United States, 217 F.Supp. 837, 842 (N.D.Ind.1963).

It is well settled that the Commission's construction of its certificates is controlling on the courts unless arbitrary or clearly erroneous. Andrew G. Nelson, Inc. v. United States, 355 U.S. 554, 558, n. 4, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958); J. H. Nowinsky Trucking Company v. United States, 195 F.Supp. 748, 752 (W.D.Wis.1961). There is no showing in this case of clear lack of rationality, arbitrariness, or error in law. The complaint must be and it is hereby dismissed.